THE LAW OFFICE OF SIMMONS & PURDY
Pamela D. Simmons [SBN 160523]
pamela@pamelaw.com
2424 Porter Street, Suite 10
Soquel, California 95073-2454
Telephone: (831) 464-6884
Facsimile:  (831) 464-6886

JENKINS MULLIGAN & GABRIEL LLP
Daniel J. Mulligan [SBN 103129]
dan@jmglawoffices.com
74-770 Highway 111, Suite 201
Indian Wells CA 92210
Telephone: (415) 982-8500
Facsimile:  (415) 982-8515

Attorneys for Plaintiff
KATHRYN MCOMIE-GRAY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| KATHRYN McOMIE-GRAY an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA HOME LOANS f/k/a COUNTRYWIDE HOME LOANS, Inc.;<br><br>Defendant. | Case No.:<br><br><br><br>**COMPLAINT FOR RESCISSION UNDER FEDERAL TRUTH-IN-LENDING ACT** |

Plaintiff Kathryn McOmie-Gray (hereinafter "Plaintiff" or "McOmie-Gray") hereby brings this Complaint ("Complaint") for rescission pursuant to the Federal Truth in Lending Act, 15 U.S.C. section 1601 *et seq*. ("TILA") and Regulation Z (12 C.F.R. 226), against Defendants, and by this Complaint alleges as follows:

///

## I. INTRODUCTION

1. Paramount Equity Mortgage, Inc. ("Paramount") violated TILA and Regulation Z in connection with a loan transaction with Plaintiff. Defendant Bank of American Home Loans f/k/a Countywide Home Loans, Inc. ("Countywide"), upon information and belief, now holds the promissory note at issue. Plaintiff brings this Complaint pursuant to federal law for rescission or a determination that Plaintiff has properly rescinded any security interest held on Plaintiff's Property (defined below) held by Defendants and to recover statutory penalties and other damages as provided by law.

## II. JURISDICTION AND VENUE

2. Jurisdiction is proper in this District in that Plaintiff's claims arose in this District, the property at issue is located in this District, and the deed of trust at issue was recorded in this District. This Court has subject matter jurisdiction as TILA presents a federal question.

3. The amount in controversy exceeds the jurisdictional minimum of this Court.

## III. PARTIES

4. Plaintiff Kathryn McOmie-Gray is a natural person who owns and resides at the real property commonly described as 4631 23rd Street, Sacramento, California (hereafter "the Property"). The Property is, and at all relevant times was, Plaintiff's principal and family residence.

5. Plaintiff is a "consumer," as defined in TILA and Regulation Z.

6. Plaintiff is informed and believes, and on that basis alleges, that Paramount is a California corporation that provides residential financing to consumers in California, Oregon, Washington, Utah, Arizona and Virginia. Paramount is licensed as Consumer Finance Lender in California.

7. Plaintiff is further informed and believes, and on that basis alleges, that Paramount is a "creditor" with regard to the secured loan that is the subject of this action, as defined in TILA and Regulation Z (12 C.F.R. 226.23).

8. Plaintiff is informed and believes, and on that basis alleges, that Defendant Countywide is a corporation that conducts consumer loan operations in California, including the issuance of loans secured by deeds of trust.

///

9. Plaintiff is further informed and believes, and on that basis alleges, that Countrywide is a "creditor" with regard to the secured loan that is the subject of this action, as defined in TILA and Regulation Z (12 C.F.R. 226.23).

10. At all times relevant to the claims in this Complaint, Defendants' employees or agents acted with the authority of their employers and/or principals.

11. Plaintiff alleges that each Defendant was acting as an agent or representative of every other Defendant in doing all of the acts described in this Complaint and at all times was acting within the course and scope of such agency or representative capacity in doing the acts described herein.

12. At all times herein mentioned, Defendants, and each of them, were agents or joint venturers of each of the other Defendants and, in doing the acts alleged herein, were acting within the course and scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants and ratified, approved and/or retained the benefits of said wrongful acts.

### IV.   FACTUAL ALLEGATIONS

13. Plaintiff owns the Property, which is Plaintiff's principal and family residence.

14. Prior to entering into the loan transaction with Paramount the Property was subject to a mortgage with Countrywide Home Loans in the approximate amount of $261,628.32.

15. On or about April 14, 2006 Plaintiff was presented with loan documents to sign. The loan was originated by Paramount and the signing of the loan documents occurred at Paramount Equity Mortgage's office located at 3013 Douglas Boulevard, Suite 200, Roseville, California. Plaintiff signed several loan documents, including an Adjustable Rate Note in favor of Paramount and a Deed of Trust listing Paramount as the lender which was later recorded securing Plaintiff's obligations under such Adjustable Rate Note.

16. While at the offices of Paramount on April 14, 2006, Plaintiff received a pre-copied set of Loan documents, all unsigned.

17. Included in this set of the Loan documents were two Notice of Right To Cancel forms with printed dates of April 14, 2006 as the date of the transaction. Neither of the forms indicates when the borrower's right to cancel expires. Neither of these forms indicates the last day on which Plaintiff could exercise his right to rescind the Loan.

///

18. The Deed of Trust securing the Loan was recorded against the Property on April 24, 2006, as Book 20060424 Page 1197 in the Official Records of Sacramento County. Funds from the Loan were used to pay in full the Countrywide loan that previously encumbered the Property.

19. To obtain the Loan, Plaintiff paid transaction fees and broker fees totaling approximately $8,042.00.

20. Plaintiff is informed and believes, and on that basis alleges, that, after the recordation of the Deed of Trust securing the Loan, Paramount's interest in the Loan was assigned to Defendant Countrywide.

21. Pursuant to TILA, an assignee of a creditor's interest is liable for rescission to the same extent as the assignor (15 USC section 1641(c): "[a]ny consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation.").

22. On January 18, 2006 Plaintiff, through her attorney, sent notice of her rescission of the loan to Countrywide. Since that time Countrywide had denied the valid rescission of this loan under the federal Truth in Lending Act.

## V.  STATUTE OF LIMITATIONS TOLLING

23. Although Defendant Countywide has continued to deny Plaintiff's rightful rescission of her loan, Countrywide has agreed to toll the statute of limitations with respect to her Truth in Lending Act claims. The agreement to toll the statute of limitation expires on August 30, 2009.

## VI.  CLAIM FOR RELIEF

**Violation of Regulation Z, 15 U.S.C. §§ 1601 et. seq.; 12 C.F.R.226**

24. Plaintiff realleges and incorporates by reference each and every previous paragraph of this Complaint as though set forth in full.

25. This consumer credit transaction was subject to the Plaintiff's right of rescission under TILA, as described in 15 U.S.C. section 1635, and Regulation Z §226.23 (12 C.F.R. §226.23).

26. In the course of this consumer credit transaction, Paramount violated 15 U.S.C. §1635(a) and Regulation Z §226.23(b) by failing to deliver to Plaintiff two copies of the notice of the right to cancel that clearly and conspicuously disclosed the date of the transaction and the date the rescission period expired. The notices of right to cancel that Plaintiff received

were materially defective in that they did not indicate the final date to rescind the Loan.

27. Borrowers retain a continuing right to rescind a loan transaction until the third business day after receipt of both the notice of the right to rescind as described herein and the notice of all "material" disclosures as described herein, pursuant to 15 U.S.C. §1635(a) and Regulation Z §226.23(a)(3). Plaintiff has never received proper notices and, thus, retains the right to rescind.

28. Plaintiff's January 18, 2006 notice of rescission with respect to the Loan was valid and timely notices of rescission under applicable law.

29. Defendant failed to accept Plaintiff's valid notices of rescission in violation of 15 U.S.C. §1635, and Regulation Z §226.23.

30. Defendant failed to accept Plaintiff's notices of rescission within the statutorily prescribed time period, as set forth in 15 U.S.C. §1636 and Regulation Z §226.23.

31. Defendant failed to take any action necessary or appropriate to reflect the termination of any security interest created in connection with the Loan, including the security interest described herein, as required by 15 U.S.C. § (b) and Regulation Z §.23(d)(2).

32. Defendant failed to return to Plaintiff any money or property given by Plaintiff to anyone, including to Defendant, as required by 15 U.S.C. §1635(b) and Regulation Z §226.23(d)(2).

33. As a result of the violations by Defendant under TILA and Regulation Z, as described herein, Plaintiff is entitled to rescind the Loan transaction.

34. As a result of the violations by Defendant under TILA and Regulation Z, as described herein, Plaintiff is entitled to terminate any security interest in the property created under the loan transactions with Defendant, under 15 U.S.C. §1635 and Regulation Z §226.23. As a result of the violations by Defendant under TILA and Regulation Z, as described herein, Plaintiff is entitled to the return of any money or property given by Plaintiff to anyone, including to Defendants, in connection with the Loan transaction with Defendants, under 15 U.S.C. §1635 and Regulation Z §226.23.

35. As a result of the violations by Defendant under TILA and Regulation Z, as described herein, Plaintiff is entitled to retain proceeds to vest in Plaintiff, under 15 U.S.C. §1635 and Regulation Z §226.23.

///

y

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court to:

1. Issue a declaratory judgment that the Defendant' actions have violated federal truth-in-lending laws and, as a result the security interest is void and that plaintiff is entitled to rescission;

2. Award Plaintiff the costs of suit and reasonable attorney's fees; and

3. Grant such other and further relief as the Court deems just and proper.

Date: August 27, 2009.                    LAW OFFICE OF SIMMONS & PURDY

&

JENKINS MULLIGAN & GABRIEL LLP

By: /s/   PAMELA D. SIMMONS
      Attorneys for Plaintiff
      KATHRYN MCOMIE-GRAY

**JURY TRIAL DEMAND**

Plaintiff Kathryn McOmie-Gray requests a trial by jury on all claims so triable.

Dated: August 27, 2009.   LAW OFFICE OF SIMMONS & PURDY

&

JENKINS MULLIGAN & GABRIEL LLP


By: /s/   PAMELA D. SIMMONS
Attorneys for Plaintiff
KATHRYN MCOMIE-GRAY