UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KATHRYN McOMIE-GRAY,

        Plaintiff,

  v.

BANK OF AMERICA HOME LOANS
f/k/a COUNTRYWIDE HOME LOANS,
INC.,

        Defendants.

No. 2:09-cv-02422-MCE-EFB

MEMORANDUM AND ORDER

Presently before the Court is a Motion by Defendant Bank of America Home Loans f/k/a Countrywide Home Loans, Inc. ("Defendant") to Dismiss portions of the Complaint of Plaintiff Kathryn McOmie-Gray ("Plaintiff") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons set forth below, Defendant's Motion to Dismiss is granted.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**[2]

Plaintiff seeks rescission of her mortgage loan pursuant to the federal Truth in Lending Act ("TILA"), 15 U.S.C. 1601 et seq.

On April 14, 2006 Plaintiff obtained a mortgage loan from Paramount Equity Mortgage. At the closing, Plaintiff was presented several loan documents to sign including two Notice of the Right to Cancel forms indicating April 14, 2006 as the date of the transaction. However, Plaintiff alleges that neither of these forms indicated when the borrower's right to cancel would expire.

Subsequently, Paramount's interest in the loan was assigned to Defendant. On January 18, 2006 Plaintiff sent a notice to Defendant indicating her intent to rescind the loan. Defendant contests the validity of the rescission under TILA provisions.

On August 27, 2009 Plaintiff filed suit in this Court seeking a declaratory judgment that Defendant's actions are in violation of TILA.

**STANDARD**

**A. Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.

---

[2] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. at 1964-65 (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

"Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Twombly, 550 U.S. 556 n.3. A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

Nevertheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556.

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). It requires the lender to provide several disclosures to the consumer regarding their debt, including providing notice of the right to rescind. 15 U.S.C. § 1635(a) TILA grants consumers a three-day right to cancel residential loan mortgages. Id.
///

Pursuant to 15 U.S.C. § 1635(a) the cancellation period begins upon the consummation of the transaction or upon the delivery of required disclosures and rescission forms, whichever is later. If the required disclosures are not provided, then the right to cancel extends three years after the date of the loan. 15 U.S.C. § 1635(f).

Plaintiff alleges her lender failed to provide copies of the notice of the right to cancel that clearly indicated the date the rescission period would expire as required by TILA provisions. As such, Plaintiff asserts that the notices she received are materially defective and accordingly she is electing her right to rescind within the three-year statutory period allowed when proper disclosures are not provided. However, Defendant contends that Plaintiff's claim must fail because Plaintiff has not affirmatively alleged her ability or willingness to tender return of the loan proceeds as required by TILA. Plaintiff responds that she is not required to allege tender at this time.

The Ninth Circuit has not provided a clear rule on the tender requirement. The purpose of rescission under TILA is to return both parties to the *status quo ante*. Yamamoto v. Bank of New York, 329 F.3d 1167, 1172 (9th Cir. 2003). The exact wording of the statute addresses the borrower's "return of money or property *following* rescission", 15 U.S.C. § 1635(b) (emphasis added), however the Ninth Circuit has held that the district court has discretion to "modify the sequence of rescission events" to require the borrower to allege tender prior to rescission. Yamamoto, 329 F.3d at 1170 (relying on a 1980 TILA amendment that allows courts to modify TILA procedures).

Requiring the borrower to allege tender prior to rescission "comports with congressional intent that 'the courts, at any time during the rescission process, may impose equitable conditions to insure that the consumer meets his obligations after the creditor has performed his obligations as required by the Act." Yamamoto, 329 F.3d at 1173 (citing S. Rep. No. 368, 96th Cong., 2d Sess. 29 (1980), reprinted in 1980 U.S.C.C.A.N. 236, 265). In Yamamoto, the Ninth Circuit reasoned that it was ineffectual to require parties to go through the rescission process if the borrower would not be able to fulfill her requirements at the end. Yamamoto, 329 F.3d at 1171-73.

Thus, a Court may mandate that a plaintiff allege tender prior to seeking rescission under TILA. Yamamoto, 329 F.3d at 1173; see also LaGrone v. Johnson, 534 F.2d 1360, 1362 (9th Cir. 1974) (holding that loan rescission should be conditioned on the borrower's tender of advanced funds). Following suit with the Ninth Circuit's reasoning, district courts have required tender as a necessary element to proceeding with a TILA claim. See Garza v. American Home Mortg., 2009 WL 188604, at *4 (E.D. Cal. January 27, 2009) (dismissing plaintiff's TILA claim for failure to allege tender in the complaint); Guerrero v. City Residential, 2009 WL 926973, at *8 (E.D. Cal. April 3, 2009) (dismissing plaintiff's TILA claim where the complaint acknowledged plaintiff's inability to tender); Edelman v. Bank of America, 2009 WL 1285858, at *2 (C.D. Cal. April 17, 2009) (dismissing plaintiff's TILA claim on grounds that plaintiff's offer to pay back the loan in monthly installments on more favorable terms was insufficient tender for purposes of rescission.)

Here, Plaintiff has failed to allege any offer of tender. Although Plaintiff argues that requiring tender at this stage is inappropriate, the Court finds that, as a matter of equity, application of the tender requirement is warranted to prevent "the empty (and expensive) exercise of a trial on the merits" if Plaintiff is later found unable to restore what she has borrowed. See Yamamoto 329 F.3d at 1173. In light of Plaintiff's failure to allege ability or willingness to tender loan proceeds, she is currently precluded from pursuing her claim.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss (Docket No. 8) is GRANTED. Defendant's Request for Judicial Notice (Docket No. 7) is DENIED as Moot.

Plaintiff may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's Complaint will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: March 10, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE