UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

| | |
|---|---|
| KATHRYN McOMIE-GRAY, | No. 2:09-cv-02422-MCE-EFB |
|     Plaintiff, | |
|   v. | MEMORANDUM AND ORDER |
| BANK OF AMERICA HOME LOANS f/k/a COUNTRYWIDE HOME LOANS, INC., | |
|     Defendant. | |

----oo0oo----

Presently before the Court is a Motion by Defendant Bank of America Home Loans f/k/a Countrywide Home Loans, Inc. ("Defendant") to Dismiss the First Amended Complaint of Plaintiff Kathryn McOmie-Gray ("Plaintiff") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons set forth below, Defendant's Motion to Dismiss is granted.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

1

## BACKGROUND[2]

Plaintiff seeks rescission of her mortgage loan pursuant to the federal Truth in Lending Act ("TILA"), 15 U.S.C. 1601 et seq. On April 14, 2006, Plaintiff obtained a mortgage loan from Paramount Equity Mortgage.  At the closing, Plaintiff was presented several loan documents to sign including two Notice of Right to Cancel forms indicating April 14, 2006 as the date of the transaction.  However, Plaintiff alleges that neither of these forms indicated when the borrower's right to cancel would expire.

Subsequently, Paramount's interest in the loan was assigned to Defendant. On January 18, 2006, Plaintiff sent a notice to Defendant indicating her intent to rescind the loan.  Defendant contests the validity of the rescission under TILA provisions.

Plaintiff subsequently filed suit.  On March 11, 2010, this Court granted Defendant's Motion to Dismiss on the grounds that Plaintiff had failed to allege tender as necessary for her rescission claim.  The Court afforded leave to amend and Plaintiff thereafter filed a First Amended Complaint in which she seeks rescission and alleges her ability and willingness to tender the amount owed.

///
///
///
///

---

[2] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

2

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. at 1964-65 (internal citations and quotations omitted).  A court is not required to accept as true a legal conclusion couched as a factual allegation. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Factual allegations must be enough to raise a right to relief above the speculative level. Twombly, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).
///
///

1    "Rule 8(a)(2)...requires a 'showing,' rather than a blanket
2 assertion of entitlement to relief.  Without some factual
3 allegation in the complaint, it is hard to see how a claimant
4 could satisfy the requirements of providing not only 'fair
5 notice' of the nature of the claim, but also 'grounds' on which
6 the claim rests."  <u>Twombly</u>, 550 U.S. 556 n.3.  A pleading must
7 contain "only enough facts to state a claim to relief that is
8 plausible on its face."  <u>Id</u>. at 570.  If the "plaintiffs...have
9 not nudged their claims across the line from conceivable to
10 plausible, their complaint must be dismissed."  <u>Id</u>.
11 Nevertheless, "[a] well-pleaded complaint may proceed even if it
12 strikes a savvy judge that actual proof of those facts is
13 improbable, and 'that a recovery is very remote and unlikely.'"
14 <u>Id</u>. at 556.
15    A court granting a motion to dismiss a complaint must then
16 decide whether to grant leave to amend.  A court should "freely
17 give" leave to amend when there is no "undue delay, bad faith[,]
18 dilatory motive on the part of the movant,...undue prejudice to
19 the opposing party by virtue of...the amendment, [or] futility of
20 the amendment...."  Fed. R. Civ. P. 15(a); <u>Foman v. Davis</u>,
21 371 U.S. 178, 182 (1962).  Generally, leave to amend is denied
22 only when it is clear the deficiencies of the complaint cannot be
23 cured by amendment.  <u>DeSoto v. Yellow Freight Sys., Inc.</u>,
24 957 F.2d 655, 658 (9th Cir. 1992).
25 ///
26 ///
27 ///
28 ///

4

**ANALYSIS**

Plaintiff's right to rescission is subject to a three-year statute of repose. 15 U.S.C. § 1635(f).  Defendant argues that because Plaintiff signed her loan on April 14, 2006, but did not file suit until August 27,2009, Plaintiff's claim is time-barred. Plaintiff counters that she sent to Defendant her notice of rescission on January 18, 2006, well within the three-year period designated, and therefore her claim for rescission is preserved.

The issue before the Court, therefore, is whether Section 1635(f) of TILA provisions requires that Plaintiff file suit within a the three-year period provided, or whether it simply requires providing a notice of rescission in that time. The Court finds that Section 1635(f) mandates that Plaintiff file suit within the three-year statute of repose in order to effectuate her claim for rescission.

The Supreme Court has held that "Section 1635(f) completely extinguishes the right of rescission at the end of the three-year period." Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998). The Ninth Circuit subsequently made clear that "[S]ection 1635(f) represents an "absolute limitation on rescission actions" which bars any claims filed more than three years after the consummation of the transaction. Miguel v. Countrywide Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (citing King v. California, 784 F.2d 910, 913 (9th Cir.1986)).  Therefore, Section 1635(f) "is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." Id.

5

Plaintiff consummated her loan transaction on April 14, 2006, thus her statutorily created right to rescind expired on April 14, 2009. Plaintiff's claim is therefore time-barred. The Court has been divested of jurisdiction to provide the relief Plaintiff seeks.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is (Docket No. 17) GRANTED without leave to amend. Leave to amend is not granted as TILA's remedy of rescission completely expires after three (3) years and this was Plaintiff's only cause of action. The Clerk is directed to close the file.

IT IS SO ORDERED.

Dated: June 22, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE